## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TIMOTHY HENES #762653,**

      **Plaintiff,**             CIVIL ACTION NO. 14-CV-11715

      vs.                     HON. MARIANNE O. BATTANI

**MICHIGAN DEPARTMENT OF**      MAGISTRATE JUDGE MONA K. MAJZOUB
**CORRECTIONS, et al.**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Timothy Henes, a prisoner presently confined at the Ingham County Jail, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the Roscommon County Jail in Roscommon, Michigan. (Docket no. 1.) Plaintiff's complaint listed six individuals associated with the Michigan Department of Corrections (MDOC) as Defendants, each in their individual and official capacities: Daniel Heyns, MDOC Director;[1] Randall Stephenson, County Sheriff; Lieutenant Lemire, Jail Administrator; Corporal R. Frydrych, Supervisor; Doctor Vigillia, Jail Doctor; and Angie Stern, Jail Nurse. (*Id.*) Plaintiff also lists the MDOC and Roscommon County as defendants. (*Id.*) Plaintiff seeks monetary damages. (*Id.*) Additionally, Plaintiff requests injunctive relief ordering Defendants to provide adequate medical care. (*Id.*)

Before the Court is a Motion to Dismiss filed by Defendants MDOC and Heyns (docket no. 10.), and a Motion to Dismiss or in the Alternative for a Change of Venue filed by Defendants

---

[1] While Defendant Heyns is not directly named as a Defendant in the Complaint, he is named by his title, MDOC Director. (Docket no. 10.)

Stephesnson, Lemire, Frydrych and Roscommon County. (Docket no. 12.) Plaintiff filed a Response to these Motions. (Docket no. 23.) Also before the Court are Motions to Dismiss and for a Change of Venue filed by Defendant Stern. (Docket nos. 27 and 28.) Plaintiff has not filed a response to Defendant Stern's Motions, but a response was due within 21 days of service, and that time has now passed. E.D. Mich. LR 7.1(e)(1)(B). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 20.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[2]

**I.      RECOMMENDATION:**

For the reasons that follow, the undersigned recommends that:

a. The Motion to Dismiss filed by Defendants MDOC and MDOC Director, Daniel Heyns, (docket no. 10.) be **GRANTED**;

b. The Motion to Dismiss filed by Defendant Angie Stern (docket no. 27.) be **GRANTED**;

c. The Motion to Change Venue filed by the remaining defendants (docket no. 12.) be **GRANTED**; and

d. The Motion to Change Venue filed by Defendant Angie Stern (docket no. 28.) be **DENIED** as moot.

The Court should dismiss Plaintiff's claims against Defendants MDOC, Heyns, and Stern and transfer this matter to the Northern Division of the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(b) and E.D. Mich. LR 83.10(b)(3).

---

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**II.    REPORT:**

    **A.    Facts**

Plaintiff's Complaint alleges that on or around March 4, 2014, he arrived at Roscommon County Jail. (Docket no. 1 at 7.) Approximately 10 days after arriving at the jail, Plaintiff asked to be seen by the jail's medical staff because he had been experiencing severe pain in his groin and abdomen, along with swelling and unusual bumps in the area. (*Id.*) These requests were in the form of both written and verbal requests to the correctional staff. (*Id.*)

Plaintiff alleges that despite his numerous requests to be examined by medical personnel, no sufficient action has been taken to diagnose or address any of his medical concerns. (Docket no. 23 at 9-10.) Plaintiff alleges that being denied medical care has caused additional mental distress, humiliation, and degradation, as well as prolonged pain. (*Id.* at 11.)

    **B.    Governing Law**

        **1. Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions:

"Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### 2. Transfer of Venue

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) challenges venue. The plaintiff bears the burden of proving that venue is proper. On a motion to dismiss for improper venue, the court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002). "If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court" pursuant to 28 U.S.C. § 1406(a); see also 1404(a). *Id.* Moreover, 1404(b) allows for a case to be transferred, at the discretion of the court, from the division in which it is pending to any other division within the same district. 28 U.S.C. § 1404(b).

### C. Analysis

#### 1. Motions to Dismiss

### a. Claims against the MDOC

Defendant asserts that the MDOC is entitled to Eleventh Amendment immunity with respect to Plaintiff's claims. (Docket no. 10.) The Court agrees. The Eleventh Amendment bars "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," provided the state has not waived its immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). The State of Michigan has not consented to the filing of a section 1983 civil rights lawsuits in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir .2004) (citation omitted). And Congress has not abrogated state sovereign immunity in civil rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Consequently, Defendant's Motion to dismiss should be granted with respect to Plaintiff's claims against the MDOC.

### b. Plaintiff's Claims against Defendants Heyns and Stern

It is a well-established principle that Section 1983 liability cannot be based on a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998). Rather, a supervisor must have "'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must allege that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). Thus, to state a plausible claim for relief, a plaintiff must allege that each defendant was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Id.*

### i. Defendant Heyns

In Plaintiff's Complaint, he makes no allegations that Heyns was involved in, or otherwise condoned, encouraged, or knowingly acquiesced to the misconduct that Plaintiff alleges by the MDOC staff. (*See* Docket no. 1.) At most, Plaintiff alleges that Defendant Heyns was put on notice of his medical condition and his desire to be examined by a doctor. (*See* Docket no. 23 at 9.) He also asserts that Defendants failed to act after being put on notice of the unlawful actions. (*Id.*) Plaintiff has sued Defendant Heyns solely based upon his position of authority and supervisory responsibilities within the MDOC, not for any affirmative actions taken by Defendant Heyns. These allegations do not form the basis for section 1983 liability. Therefore, the Court recommends dismissing Plaintiff's claims against Defendant Heyns.

### ii.     Defendant Stern

Defendant Stern contends that Plaintiff failed to allege sufficient factual allegations in his Complaint evidencing any personal involvement on the part of Defendant Stern. (Docket no. 27.) Being listed along with the other defendants is the only time that Defendant Stern is mentioned in either Plaintiff's Complaint or Response. Plaintiff has not set forth any factual allegations against Defendant Stern. Defendant Stern is employed by the MDOC as a nurse. She is not a supervisor, and Plaintiff does not allege that she is responsible for authorizing or approving medical treatment. Plaintiff claims that his requests for medical care were ignored and that no care was ever administered. He does not make any claims that Defendant Stern was even aware of his requests for medical care. Therefore, the Court recommends dismissing Plaintiff's claims against Defendant Stern.

### 2.     Motion to Change Venue

Defendants Stephenson, Lemire, Frydrych, and Roscommon County have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), for filing in the improper venue, and

alternatively for a change of venue under § 1404(a). (Docket no. 12.) Specifically, Defendants argue that the case was improperly filed and ask the Court to dismiss the case or transfer it to the Northern Division. (*Id.* at 6.)

Under Local Rule 83.10(b)(3), a civil case will be assigned to a certain division based on the county in which the Plaintiff resides. E.D. Mich. LR 83.10(b)(3). At the time of filing, Plaintiff was incarcerated in the Roscommon County Jail, in Roscommon County. Plaintiff has since been transferred to the Saginaw Correctional Facility, in Saginaw County, and then to the Ingham County Jail, in Ingham County. (Docket no. 23 at 7.) But when a prisoner is involuntarily relocated to a country or state to be imprisoned, it is presumed that he or she does not establish a new domicile[3] in that location; this presumption can be overcome if the inmate shows an intent to remain in the country or state of incarceration after his or her sentence has ended. *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973).

Because Plaintiff's residence is not clear, the case should be assigned based on the county in which the claim arose. E.D. Mich. LR 83.10(b)(4). In this case, all of Defendant's claims arose while he was incarcerated at the Roscommon County Jail, in Roscommon County. (Docket no. 1.) Local Rule 83.10(a)(2), specifies that all civil cases arising in Roscommon County will be assigned to the Northern Division of this Court, located in Bay City. E.D. Mich. LR 83.10(a)(2). Further, under 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." And, a district court 'has broad discretion to grant or deny [a] motion to transfer a case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994) (quoting *Cote v. Wadel*, 796 F.2d 981, 985

---

[3] When used to determine the jurisdiction of a particular court to hear an action, "resides" has been interpreted to mean the same as "domicile." *See Paprocki v. Jackson Cnty. Clerk*, 142 Mich. App. 785, 790, 371 N.W.2d 450, 452 (1985).

(7th Cir.1986)).  All Defendants in this matter reside in Roscommon County, Michigan.  And, all claims asserted by Plaintiff arose while Plaintiff was incarcerated at the Roscommon County Jail.  The material events related to Plaintiff's claim occurred in Roscommon County, and it is the likely location of pertinent documents and witnesses.  Moreover, Plaintiff does not oppose the transfer.  (Docket no. 23 at 5.)  Therefore, this matter should be transferred to the United States District Court for the Eastern District of Michigan, Northern Division.

### D.     Conclusion

For the above-stated reasons, the undersigned recommends that:

a. The Motion to Dismiss filed by Defendants MDOC and MDOC Director, Daniel Heyns, (docket no. 10.) be **GRANTED**;

b. The Motion to Dismiss filed by Defendant Angie Stern (docket no. 27.) be **GRANTED**;

c. The Motion to Change Venue filed by the remaining defendants (docket no. 12.) be **GRANTED**; and

d. The Motion to Change Venue filed by Defendant Angie Stern (docket no. 28.) be **DENIED** as moot.

The Court should dismiss Plaintiff's claims against Defendants MDOC, Heyns, and Stern and transfer this matter to the Northern Division of the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(b) and E.D. Mich. LR 83.10(b)(3).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 15, 2014				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served up counsel of record and on Plaintiff Timothy Henes on this date.

Dated: September 15, 2014				s/ Lisa Bartlett
						Case Manager