# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TIMOTHY HENES,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

_____/

CASE NO. 2:14-cv-11715

HON. MARIANNE O. BATTANI

### OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff Timothy Henes' objections to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. 35). Henes filed an action against several jail employees under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his medical needs while he was incarcerated at Roscommon County Jail. Defendants Michigan Department of Corrections ("MDOC") and Daniel Heyns filed a motion to dismiss. Defendants Randall Stephenson, Steven Lemire, Ron Frydych, and Roscommon County filed a motion to dismiss, or in the alternative, to transfer venue. In addition, Defendant Angie Stern also filed a motion to dismiss, or in the alternative, to transfer venue.

The matters were referred to Magistrate Judge Majzoub, who issued a R&R recommending that Defendants MDOC, Heyns, and Stern be dismissed from the action and the matter be transferred to the Northern Division of the Eastern District of Michigan. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's R&R; **GRANTS** Defendants MDOC and Daniel Heyns' Motion to Dismiss, Defendant

Angie Stern's Motion to Dismiss, and the remaining Defendants' Motion to Change Venue; and **DENIES** Defendant Angie Stern's Motion to Change Venue as moot.

I.   RELEVANT FACTS

Plaintiff Timothy Henes filed this § 1983 action alleging a violation of his rights under the Eighth Amendment resulting from Defendants' alleged indifference to his medical needs.  The complaint names six individuals as Defendants, including Daniel Heyns, MDOC Director; Randall Stephenson, County Sheriff; Steven Lemire, Jail Administrator; Ron Frydrych, Supervisor; Doctor Vigillia, Jail Doctor; and Angie Stern, Jail Nurse.  MDOC and Roscommon County are also listed as Defendants.  The Magistrate Judge's R&R summarized the facts of this case accordingly:

> Plaintiff's Complaint alleges that on or around March 4, 2014, he arrived at Roscommon County Jail.  Approximately 10 days after arriving at the jail, Plaintiff asked to be seen by the jail's medical staff because he had been experiencing severe pain in his groin and abdomen, along with swelling and unusual bumps in the area.  These requests were in the form of both written and verbal requests to the correctional staff.
>
> Plaintiff alleges that despite his numerous requests to be examined by the medical personnel, no sufficient action has been taken to diagnose or address any of his medical concerns.  Plaintiff alleges that being denied medical care has caused additional mental distress, humiliation, and degradation, as well as prolonged pain.

(Doc. 30 at 3) (citations omitted).  Several Defendants filed motions to dismiss and/or motions to transfer venue.  The Magistrate Judge issued a R&R granting most of Defendants' requests, and Henes filed an untimely "Motion in an Extension of Time to Defendants' Motion for Summary Judgment/Dismiss," which contained two objections to the R&R and a request for an extension of time to respond.  The Magistrate Judge granted the request for an extension.  Although untimely, the Court will address the objections set forth in the motion.

2

## II. STANDARD OF REVIEW

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

The Magistrate Judge addressed four motions in the R&R: (1) Defendant MDOC and Daniel Heyns' Motion to Dismiss, (2) Defendants Frydrych, Lemire, Stephenson and Roscommon County's Motion to Change Venue, (3) Defendant Angie Stern's Motion to Dismiss, and (4) Defendant Angie Stern's Motion to Change Venue. Plaintiff sets forth two objections to the R&R: (1) Stern should not be dismissed because she never responded to Plaintiff's medical concerns, and (2) Heyns should not be dismissed because he ignored Plaintiff's medical condition. Plaintiff does not object to transfer of venue or dismissal of any other Defendants.

It is established that "[b]ecause § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." Miller v. Calhoun Cnty., 408 F.3d 803, 817 n.3 (6th Cir. 2005).

3

Likewise, mere failure to act is not a basis for liability. <u>Leach v. Shelby Cnty. Sheriff</u>, 891 F.2d 1241, 1246 (6th Cir. 1989). Instead, a defendant must have "either encouraged the specific incident of misconduct" or "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." <u>Hays v. Jefferson Cnty., Ky.</u>, 668 F.2d 869, 874 (6th Cir. 1982).

In the R&R, the Magistrate Judge found that Stern should be dismissed from the action because Plaintiff failed to "set forth any factual allegations against Defendant Stern" in the complaint. (Doc. 30 at 6). The Magistrate Judge also noted that Stern "is not a supervisor, and Plaintiff does not allege that she is responsible for authorizing or approving medical treatment." (<u>Id.</u>) Thus, there are no allegations that Stern approved or directly participated in any misconduct. Instead, she is merely listed as a Defendant. Plaintiff's objection does not cure this deficiency, as merely he reiterates that Stern did not come to "see" him and turned a "blind eye." (Doc. 35 at 4). Thus, the Magistrate Judge correctly determined that Stern should be dismissed.

Similarly, the Magistrate Judge found that Heyns should be dismissed because there are no allegations of Heyns' approval or direct involvement in the alleged misconduct. Rather, "[a]t most, Plaintiff alleges that Defendant Heyns was put on notice of his medical condition and his desire to be examined by a doctor." (Doc. 30 at 6). The Court agrees with this conclusion, as it is clear that Heyns is being sued in his supervisory capacity, not for any direct involvement. Because there are no allegations that he approved or condoned any alleged misconduct as Director, his dismissal from this action is appropriate.

**IV.  CONCLUSION**

4

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R; **GRANTS** Defendants MDOC and Daniel Heyns' Motion to Dismiss, Defendant Angie Stern's Motion to Dismiss, and the remaining Defendants' Motion to Change Venue; and **DENIES** Defendant Angie Stern's Motion to Change Venue as moot. Defendants MDOC, Daniel Heyns, and Angie Stern are **DISMISSED**, and this matter shall be **TRANSFERRED** to the Northern Division of the Eastern District of Michigan.

**IT IS SO ORDERED.**

Date:   November 18, 2014                    s/Marianne O. Battani
                                                      MARIANNE O. BATTANI
                                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 18, 2014.

                                                        s/ Kay Doaks
                                                        Case Manager