## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**TIMOTHY HENES,**

        **Plaintiff,**              **CIVIL ACTION NO. 14-CV-11715**

   **vs.**

                            **DISTRICT JUDGE MARIANNE O. BATTANI**

**ROSCOMMON COUNTY**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**JAIL, et al.**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, Timothy Henes, a former state prisoner, alleges that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated at the Roscommon County Jail in Roscommon, Michigan. (Docket no. 1 at 7.) Plaintiff's complaint listed six individuals associated with the Michigan Department of Corrections (MDOC) as Defendants, each in his individual and official capacities: Daniel Heyns, MDOC Director;[1] Randall Stevenson, County Sheriff;[2] Lieutenant Lemire, Jail Administrator; Corporal R. Frydrych, Supervisor; Doctor Viguilla, Jail Doctor;[3] and Angie Stern, Jail Nurse.[4] (*Id.*) Plaintiff also lists the MDOC and Roscommon County as defendants. (*Id.*) Plaintiff seeks monetary damages. (*Id.*) Additionally, Plaintiff requests injunctive relief ordering Defendants to provide adequate medical care. (*Id.*)

---

[1] While Defendant Heyns is not directly named as a Defendant in the Complaint, he is named by his title, MDOC Director. (Docket no. 10.) Defendant Heyns has been terminated from this action. (Docket no. 38.)

[2] Plaintiff's Complaint misspelled Defendant Stevenson's name as "Stephenson." (Docket no. 1.)

[3] Plaintiff's Complaint misspelled Defendant Viguilla's name as "Vigillia." (Docket no. 1.)

[4] Defendant Stern has been terminated from this action. (Docket no. 38.)

Before the Court is a Motion for Summary Judgment filed by Defendants Stevenson, Lemire, Frydrych, and Roscommon County. (Docket no. 29.) Plaintiff filed a motion for extension of time to file a response on October 22, 2014, which was granted. (Docket no. 35.) Notwithstanding this extension, Plaintiff has failed to file a response to Defendants' motion. Numerous documents mailed to Plaintiff have been returned as "undeliverable," resulting in the court's order to show cause on March 17, 2015. (Docket no. 43.) In response, Plaintiff claimed a need for an extension in time until he "get[s] [his] medical issue[s] fixed" to proceed with "a clear mind." (Docket no. 44.) On March 20, 2015, the Court vacated the order to show cause and notified Plaintiff that a response was due by April 6, 2015. (Docket no. 45.)  Again Plaintiff failed to respond to Defendants' motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 20.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I. <u>RECOMMENDATION</u>:

For the reasons that follow, the undersigned recommends that Defendants' Motion for Summary Judgment [29] be **GRANTED**. Additionally, the court should dismiss the Plaintiff's claims against Defendant Viguilla without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).  Therefore, this matter should be dismissed in its entirety.

## II. <u>REPORT</u>:

### A.    Facts

Plaintiff's Complaint alleges that on or around March 4, 2014, he arrived at Roscommon County Jail.  (Docket no. 1 at 7.)  Approximately ten days after arriving to the jail, Plaintiff asked to be seen by the jail's medical staff because he had been experiencing severe pain in his

groin and abdomen, along with swelling and unusual bumps in the area. (*Id.*) These requests took both written and verbal form and were directed to the correctional staff. (*Id.*)

Plaintiff alleges that despite his numerous requests to be examined by medical personnel, no sufficient action had been taken to diagnose or address any of his medical concerns. (Docket no. 23 at 9-10.) Plaintiff claims that being denied medical care has caused additional mental distress, humiliation, and degradation, as well as prolonged pain. (*Id.* at 11.)

### B.    Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> > (1) give an opportunity to properly support or address the fact;
> >
> > (2) consider the fact undisputed for purposes of the motion;

> (3) grant summary judgment if the motion and supporting materials –
> including the facts considered undisputed – show that the movant is
> entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike Cnty. Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

## C.    Analysis

Through their Motion for Summary Judgment, Defendants argue that (1) Plaintiff has failed to satisfy basic pleading requirements by not making specific factual allegations against individual Defendants; (2) Plaintiff failed to exhaust his available administrative remedies by not appealing his April 17, 2014 medical grievance; (3) Plaintiff cannot establish Defendants' deliberate indifference to a serious medical need; and (4) "while Plaintiff names Roscommon County as a Defendant, he makes no specific allegation against it and there is no evidence of unconstitutional policy or custom." (Docket no. 29.)  Further, Defendants Roscommon County and Stevenson assert that Plaintiff's failure-to-train claim has no support and must be dismissed. (*Id.* at 12-13.)  Additionally, Defendants Stevenson, Lemire, and Frydrych, as individual officers, argue entitlement to qualified immunity. (*Id.* at 1.)

### 1.    Failure to Satisfy Basic Pleading Requirements

Defendants argue that Plaintiff failed to satisfy basic pleading requirements by suing numerous Defendants individually without making specific factual allegations against these individual Defendants. (Docket no. 29 at 5.)  It is a well-established principle that Section 1983 liability cannot be based on a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998).  A *pro se* plaintiff's complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).  At a minimum "a plaintiff must allege that the official 'at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (*quoting Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).  Thus, to state a plausible claim for relief, a plaintiff must allege that each defendant was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct.  *Id.*  A court is not required to guess at the nature of the claim asserted.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In his Complaint, Plaintiff alleges that he has "been sending out multiple kites…and [he] verbally asked correctional officer (sic) multiple times to put [him] down to see the doctor." (Docket no. 1 at 7.)  This statement is the extent of Plaintiff's factual allegations.  Nowhere in Plaintiff's Complaint does he allege that Defendants either took any action or that they implicitly authorized, approved, or knowingly acquiesced in any wrongful conduct.  Therefore, Defendants' Motion for Summary Judgment should be granted.

## 2.    Failure to Exhaust Administrative Remedies

Alternatively, Defendants argue that Plaintiff's claims should be dismissed because he has failed to exhaust his administrative remedies under the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. §1997e(a).  Specifically, Defendants assert that Plaintiff has failed to file a grievance appeal with the sheriff regarding any of the allegations in his Complaint as to any Defendant.  (Docket no. 29 at 6.)  Plaintiff filed a grievance with the Roscommon County Jail on April 17, 2014.  (Docket no. 29-7.)  The grievance states that Plaintiff repeatedly asked, via verbal and written requests, to see a doctor for over a month and that he had not been treated.  *Id.* Subsequently, the Plaintiff saw Dr. Viguilla on April 22, 2014.  (Docket no. 29-3.)

The PLRA of 1995 requires that a prisoner exhaust all administrative remedies before filing a Section 1983 action.  Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Defendants attached a copy of Roscommon County Policy and Procedure 42 ("Policy") regarding inmate grievances to their motion. (Docket no. 29-10.) The Policy requires the on-duty Corporal to attempt to resolve the grievance and, if resolved, report the grievance to the jail administrator during working hours. (*Id.*)  If the grievance is not resolved, the jail administrator will hold an informal hearing to try and resolve the complaint. (*Id.*) After receiving a written response from the jail administrator, the grievant must appeal to the Sheriff if they disagree with the administrative decision. (*Id.*) A prisoner's administrative remedies are exhausted once his complaints have been grieved and appealed in compliance with the Policy.

Plaintiff's grievance on April 17, 2014, fails to identify any wrongdoing by Defendants. Moreover, Plaintiff did not file an appeal as required by the Policy. (Docket no. 29 at 6.) For those reasons, the Court should find that Plaintiff failed to exhaust his administrative remedies against the Defendants.   Therefore, Defendants' Motions for Summary Judgment should be granted.

### 3.      Failure to Establish Deliberate Indifference to Serious Medical Needs

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Where a prisoner claims that such a violation occurred through a lack of proper medical care, "it is not necessary that the . . . officials consciously sought to inflict pain by withholding treatment." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988).   Instead, "[w]here prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   "Fundamentally, the concept underlying the Eighth Amendment is nothing less than the dignity of humankind." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 564, 568 (6th Cir. 2013) (internal quotations, omissions, and modifications omitted).

To support a claim of deliberate indifference under the Eight Amendment, a Plaintiff must satisfy two components–an objective component, and a subjective component.  *Id.* (citing *Harrison v. Ash*, 538 F.3d 510, 518 (6th Cir. 2008)).   "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective

component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

### i.    The Objective Component

To satisfy the objective component, "'the plaintiff must allege that the medical need at issue is "sufficiently serious."'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))).  That is, the plaintiff must show that he "faced a substantial risk of serious harm." *Villegas*, 709 F.3d at 568.  But "[t]he objective component further 'requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency'–that is, it 'is not one that today's society chooses to tolerate.'" *Id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)).  Therefore, the plaintiff must show that (1) he "faced a substantial risk of serious harm," and (2) the "risk is one that society chooses not to tolerate." *Id.*

Plaintiff's Complaint describes severe pain around genital area due to swelling and unusual bumps.  (Docket no. 1 at 7.)  As noted, Plaintiff was seen by Dr. Roberto Viguilla on April 22, 2014.  (Docket no. 29-8.)  The medical record notes that Plaintiff had tenderness and HPV lesions on his genitals that the doctor concluded were likely a penile wart and epididymitis.  (Docket no. 29 at 11.)  Plaintiff did not have fever, chills, or anorexia, but he did mention pain on urination to the doctor.  (*Id.*)  Dr. Viguilla recommended Tylenol or Motrin.  (*Id.*)  Consequently, the Defendants assert that "Plaintiff's issue with his genitals was not a serious one."  (Docket no. 29 at 11.)  The courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

8

Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Accordingly this Court agrees with Defendant and recommends finding that Plaintiff's claims of Eighth Amendment deliberate indifference violations fail with respect to the objective component requirement.

### ii.      The Subjective Component

To satisfy the subjective component of a deliberate indifference claim and show that the defendant had a sufficiently culpable state of mind, a plaintiff must show that "'the official knows of and disregards' the substantial risk of serious harm." *Villegas*, 709 F.3d at 569 (quoting *Harrison*, 539 F.3d at 518). The plaintiff need not prove, however, "that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835). Instead, a plaintiff must show that (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the [plaintiff]," (2) the official "did in fact draw that inference," and (3) the official "then disregarded that risk." *Quigley*, 707 F.3d at 681 (internal quotations omitted). Moreover, "[d]irect evidence about a defendant's knowledge is not necessary, but rather, the knowledge aspect of the subjective component can be determined ["in the usual ways, including inference from circumstantial evidence" *Quigley*, 707 F.3d at 682]." *Villegas*, 709 F.3d at 569. For example, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

Defendants argue that the record is devoid of any evidence demonstrating that Plaintiff was denied medical treatment or that any Defendant was deliberately indifferent to his serious medical needs. Plaintiff was seen by a doctor on April 22, 2014, which is approximately a month after he began repeatedly requesting medical care. (Docket no. 1 at 7; Docket no. 29 at

11.)   Consequently, Plaintiff cannot show that the Defendants disregarded his medical needs. Therefore, the undersigned also recommends granting Defendants' Motion for Summary Judgment on substantive grounds.

### 4.      Failure-to-Train Claim against Defendants Stevenson and Roscommon County

Plaintiff's Complaint states that "the Sheriff has failed to train his staff correctly." (Docket no. 1 at 7.)  The Sixth Circuit "has identified two situations justifying a conclusion of deliberate indifference in claims of failure to train": (1) the "'failure to provide adequate training in light of foreseeable consequences that could result from a lack of instruction;'" and (2) where "'the city fails to act in response to repeated complaints of constitutional violations by its officers.'"  *Ellis ex. rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690,700-01 (6th Cir. 2006) (quoting *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir.1999)).  Deliberate indifference is established when "the need for more or different training is . . . obvious, and the inadequacy [is] likely to result in the violation of constitutional rights."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).  Plaintiff has provided no evidence to suggest that Defendant Stevenson, as sheriff, or Roscommon County do not properly train their officers.  Moreover, there is no evidence to suggest, and Plaintiff does not allege facts to suggest, that Defendants Stevenson or Roscommon County maintained a custom, practice, or official policy regarding training that violated Plaintiff's constitutional rights or that caused the medical delay for which he complains. Thus, Plaintiff's allegations against Defendants amount to nothing more than unsupported legal conclusions and therefore fail.  Accordingly, Defendants' Motion for Summary Judgment should be granted.

### 5.      Qualified Immunity

Defendants Stevenson, Lemire, and Frydrych allege that they are entitled to dismissal of their individual capacity claims under the doctrine of qualified immunity. (Docket no. 29 at 7.) Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "'The defense of qualified immunity protects officials from individual liability for monetary damages but not from declaratory or injunctive relief.'" *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 635 n.2 (6th Cir. 2013) (quoting *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001)).

The Sixth Circuit has set forth a tri-part test to determine whether a defendant is entitled to qualified immunity: whether (1) "the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred;" (2) "the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (3) "the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003)); *see also Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc) (noting that "objective legal reasonableness" is a distinct, third prong of the qualified immunity analysis). The court may, however, take up these considerations in any order. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

Notably, qualified immunity is best addressed after determining whether a plaintiff has stated a constitutional claim upon which relief can be granted: "[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether

the plaintiff has alleged a deprivation of a constitutional right at all.  Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).  Therefore, because the Court recommends granting Defendants' Motion for Summary Judgment on the merits, the Court need not address Defendants' assertion of qualified immunity.

### 6.        Failure to Serve Defendant Viguilla

"An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Reed-Bey v. Pramstaller*, No. 06-10934, 2007 WL 2421422 at *2 (E.D. Mich. Aug. 23, 2007) (citing *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D. Mass. 1994)).  Plaintiff failed to serve Defendant Viguilla in a timely manner.  As a result, Plaintiff's claims against Defendant Viguilla should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

### D.     Conclusion

For the above-stated reasons, the Court recommends **GRANTING** Defendants' Motion for Summary Judgment.  The Court should grant Defendants' Motion for Summary Judgment with respect to Plaintiff's claims of (1) 8th Amendment deliberate indifference to serious medical needs and (2) failure-to-train staff.  The Court further recommends dismissing Plaintiff's claim against Defendant Viguilla without prejudice under Fed. R. Civ. P. 4(m).  Therefore, this matter should be dismissed in its entirety.

III.    **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.   The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  June 12, 2015            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Timothy Henes on this date.

Dated:  June 12, 2015                                s/ Lisa C. Bartlett
                                                     Case Manager